Quincy Chuck (CA State Bar No. 307857)
    Email: qchuck@mabr.com
Saloni Mathur (CA State Bar No. 335028)
    Email: smathur@mabr.com
MASCHOFF BRENNAN
    GILMORE & ISRAELSEN, PLLC
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:  (949) 453-1104

R. Parrish Freeman (*pro hac vice*)
    Email: pfreeman@mabr.com
C.J. Veverka (*pro hac vice*)
    Email: cveverka@mabr.com
MASCHOFF BRENNAN
    GILMORE & ISRAELSEN, PLLC
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone:  (435) 252-1360
Facsimile:  (435) 252-1361

Attorneys for Plaintiff, NOVARAD CORPORATION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOVARAD CORPORATION, a Utah corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>NOVASIGNAL CORP., a Delaware corporation,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Novarad Corporation ("Novarad") hereby claims against defendant NovaSignal Corp. ("NovaSignal") for the causes of action alleged as follows:

1.     This is an action to address and end NovaSignal's willful acts of trademark infringement and unfair competition. NovaSignal has decided to avoid the hard work of developing its own goodwill and brand recognition by riding Novarad's coattails and adopting various NOVA-formative marks.

## PARTIES

2.     Novarad is a corporation organized and existing under the laws of the State of Utah, with a principal place of business at 3152 North University Avenue, Suite 200 Provo, Utah 84604.

3.     NovaSignal is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2440 South Sepulveda Blvd., Suite 115, Los Angeles, California 90064.

4.     NovaSignal was formed as Neural Analytics, Inc. on February 6, 2013 under the laws of the State of California.

5.     Neural Analytics, Inc. (CA) merged out of existence and into a Delaware corporation of the same name on March 21, 2017.

6.     Neural Analytics, Inc. (DE) changed its name to NovaSignal Corp. on July 6, 2020.

## JURISDICTION AND VENUE

7.     This is a civil action arising under the laws of the United States, including but not limited to 15 U.S.C. §§ 1114 and 1125.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.     The state law claims set forth herein are so related to federal claims they form part of the same case or controversy. This Court therefore has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

10.   This Court has personal jurisdiction over NovaSignal because NovaSignal has its principal place of business in this judicial district and has engaged in acts of trademark infringement and unfair competition within this judicial district.

11.   Venue is proper in this judicial district under at least 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

### Novarad's Business and NOVA Family of Marks

12.   Novarad makes and sells computer software applications used with various third-party medical imaging devices, including ultrasound devices. Novarad's software is installed in over 1,000 clinics, hospitals, and imaging centers in the United States and around the world, and is used daily by doctors, nurses, technicians, and other medical professionals. Over the years, Novarad has become widely recognized as a national leader in medical imaging software and various software-related goods and services for the medical and healthcare sectors.

13.   Novarad markets and sells its multiple software applications under its NOVARAD registered trademark. In addition, Novarad markets and sells most of its individual software applications under a federally-registered NOVA-formative member of a family of marks, which consists of the following (hereinafter, "NOVA Family of Marks"):[1]

| Novarad Mark | Registration Number | First Use in Commerce | Exhibit Number |
|---|---|---|---|
| NOVARAD | 3,390,640 | Aug. 31, 1998 | 1 |
| NOVAPACS | 3,390,641 | March 31, 2002 | 2 |
| NOVA RIS | 5,398,865 | Sept. 8, 2003 | 3 |
| NOVASCAN | 5,018,166 | Dec. 31, 2003 | 4 |

[1] A true and correct copy of the Certificate of Registration for each of the listed marks is attached hereto as the exhibit number indicated in the table

| Novarad Mark | Registration Number | First Use in Commerce | Exhibit Number |
|---|---|---|---|
| NOVAORTHO | 5,108,676 | March 31, 2010 | 5 |
| NOVAMG | 4,859,955 | April 19, 2010 | 6 |
| NOVADASH | 4,330,572 | Feb. 28, 2011 | 7 |
| NOVAPRO | 4,859,956 | April 30, 2011 | 8 |
| NOVACARDIO | 4,358,705 | June 5, 2011 | 9 |
| NOVADOSE | 5,480,745 | Oct. 10, 2011 | 10 |
| NOVA3D+ | 5,508,571 | Dec. 31, 2012 | 11 |
| NOVARAD MOBILERAD | 4,795,893 | Aug. 8, 2012 | 12 |

14.    Novarad has continuously and exclusively used each of the marks in its NOVA Family of Marks in interstate commerce since at least the date of first use in commerce respectively identified above, amounting to between 9 and 23 years of continuous and exclusive use in connection with software applications for use with third-party medical imaging devices, including ultrasound devices.

15.    Novarad has used eight of the twelve marks in the NOVA Family of Marks continuously and exclusively in interstate commerce for more than five years following their federal registration dates, namely: NOVARAD, NOVAPACS, NOVASCAN, NOVAMG, NOVADASH, NOVAPRO, NOVACARDIO, NOVARAD MOBILERAD. The Patent and Trademark Office has therefore recognized Novarad's rights with regard to each of these marks as incontestable under 15 U.S.C. § 1065.

16.    Novarad has cultivated goodwill in its NOVARAD brand and its NOVA Family of Marks for well over twenty years. During that time, medical professionals have come to rely on the NOVARAD brand and the NOVA Family of Marks as indicative of high-quality computer software for, among other things, manipulating data and images collected through third-party medical devices, including ultrasound devices, to generate reports and other analytics useful for diagnosing and treating illness.

17.  Novarad uses its NOVA Family of Marks to signal to the doctors, nurses, technicians, and other medical professionals who use Novarad's NOVA-marked products that all such products come from a single and trusted source, namely, Novarad. The images below are examples of such use, taken from the Novarad website at *www.novarad.net/product-catalog*:

 **MobileRad | Mobile Diagnostic Viewer**
CryptoChart enables simple, secure sharing of patient images and reports without CDs, passwords or portals.

 **Ncompass Enterprise Imaging**
Ncompass modernizes the way you capture, manage, store, view, exchange and analyze clinical imaging and multimedia content across the enterprise.

 **Nova RIS | Scheduling and Operational Management**
Nova RIS is a productivity system that manages the complete patient experience - from scheduling appointments to distributing clinical reports.

 **Nova3D+ | Advanced Imaging**
Nova3D+ provides real-time advanced graphic processing to perform advanced imaging techniques.

 **NovaCardio | Cardiology**
NovaCardio is a full cardiology PACS with optional structured reporting and functional analysis.

 **NovaDose | Dose Management**
NovaDose provides centralized radiation dose monitoring.

 **NovaMG PRO | Mammography**
NovaMG PRO is a multi-modality workstation with an integrated mammography viewer that allows you to read a wide variety of mammography studies as well as other studies, all in one place.

 **NovaOrtho | Orthopedics**
NovaOrtho is a specialized PACS for orthopedic viewing and reading.

 **NovaPACS | Picture Archiving & Communications System**
NovaPACS is an ergonomic PACS with advanced reading, reporting and archiving capabilities.

 **SnapView | Mobile Image Capture**
SnapView is a secure image capture application for Apple devices and is a key component of the Ncompass Enterprise Imaging platform.

 **Novarad AI Diagnostic Assistant | COVID Diagnosis**
Novarad AI COVID-19 Diagnostic Assistant leverages CT scans and artificial intelligence to quickly diagnose, isolate and treat patients.

 **NovaPRO | Teleradiology**
NovaPRO is a complete PACS and RIS solution for radiology reading groups.

(Taken from *www.novarad.net/product-catalog* on February 9, 2022.)

18.    Novarad has extensively advertised and marketed its NOVA Family of Marks in such a way that the consuming public has come to recognize the common characteristic of NOVA as a source indicator for Novarad's medical imaging software and its other software-related goods and services for the medical and healthcare sectors. In addition to the website marketing shown above, Novarad has also participated in trade shows where it collectively advertises its goods and services bearing the NOVA Family of Marks. In addition, news and media articles about Novarad typically mention several products and services bearing the NOVA Family of Marks.

19.    It is the NOVA component of the NOVA Family of Marks that signals to the doctors, nurses, technicians, and other medical professionals who use Novarad's NOVA-marked products that all such products come from a single and trusted source, namely, Novarad.

20.    Novarad has spent significant sums of money in commerce on advertisements in various forms, including but not limited to print, digital, television, radio, and online materials, to promote, market, and otherwise publicize the goods and services offered by Novarad under the NOVARAD mark and the NOVA Family of Marks.

21.    Consequently, doctors, nurses, medical technicians, and other medical professionals, when thinking about industries, products, services, or companies related to software in the medical industry, have come to recognize the term "NOVA" with a single source, namely, Novarad.

22.    As a result of the above-described sales and marketing efforts, the NOVA Family of Marks has acquired distinctiveness as to the common use of NOVA among the family members to identify the NOVA-marked goods and services as emanating from a single and trusted source, namely, Novarad.

23.    The NOVARAD mark and each of the other members of the NOVA Family of Marks is distinctive, as recognized by the federal registration associated with each.

24.    As a result of Novarad's long, extensive, exclusive, and continuous use, the NOVARAD mark, the NOVA Family of Marks, and each of its member marks have developed significant and valuable goodwill.

25.    Novarad is the owner of all right, title and interest in the NOVA Family of Marks, and in each of the member marks in the NOVA Family of Marks, including each federal registration identified above and all associated common law rights. All such federal registrations and associated common law rights are valid and enforceable.

**NovaSignal's Business and Willful Acts of Infringement and Unfair Competition**

26.    NovaSignal markets an ultrasound device and accompanying software for generating reports and other analytics useful for diagnosing and treating illness.

27.    NovaSignal used to be called Neural Analytics, Inc. before changing its name in July 2020, some twenty-two years after Novarad began developing goodwill in its NOVARAD brand and its NOVA Family of Marks.

28.    NovaSignal developed its technology while operating as Neural Analytics, Inc. and obtained several trademarks under that name, including NEURAL ANALYTICS, NEURALBOT, and LUCID TRANSCRANIAL DOPPLER SYSTEM.

29.    Once it adopted its new name in July 2020, however, NovaSignal began adopting and using several NOVA-formative trademarks, including NOVASIGNAL, NOVABOT, NOVAKIT, NOVAGUIDE, NOVACARE, and NOVAVIEW (hereinafter, the "Infringing NOVA-Formative Marks").

30.    The NOVABOT mark is a replacement for the NEURALBOT mark NovaSignal had used while still called Neural Analytics.

31.    Upon information and belief, NovaSignal adopted and began using each of its Infringing NOVA-Formative Marks with knowledge of some or all of the marks that comprise Novarad's NOVA Family of Marks, and with the intent to trade on the goodwill in the medical software marketplace that Novarad has developed over the course of twenty-two years.

32. NovaSignal has applied for federal trademark registration for most of the Infringing NOVA-Formative Marks (all but NOVACARE), but the Patent and Trademark Office has not yet issued any registrations. Novarad has opposed those that have published for opposition, and intends to oppose the rest, once published.

| NovaSignal Mark | Application Serial No. | Published for Opposition? | Opposition Status |
|---|---|---|---|
| NOVASIGNAL  NovaSignal | 90071574 90071598 | Yes Dec. 29, 2020 | Opposition No. 91270131; filed by Novarad |
| NOVAVIEW | 90452595 | Yes August 31, 2021 | Opposition No. 91272029; filed by Novarad |
| NOVAKIT | 90452549 | No – will publish for opposition on March 1, 2022 | Novarad will oppose upon publication |
| NOVAGUIDE | 90452570 | No – will publish for opposition on March 8, 2022 | Novarad will oppose upon publication |
| NOVABOT | 90452579 | No – will publish for opposition on March 8, 2022 | Novarad will oppose upon publication |
| NOVACARE | n/a | n/a | n/a |

33. NovaSignal presently uses all of the Infringing NOVA-Formative Marks in interstate commerce in the United States with a medical imaging device and its associated software.

34. For example, NovaSignal uses NOVASIGNAL, NOVAGUIDE, NOVAKIT, NOVACARE, and NOVABOT with aspects of what it markets and sells as the "NovaSignal™ Platform," as shown in these images from marketing materials currently available on NovaSignal's website, *www.novasignal.com*:



(Taken from *https://uploads-ssl.webflow.com/6078963815794d2a47abe54c/610b0d6db74c1b714bd559dd_NovaSignal%20Company%20Overview%202021%20Rev%20B.pdf*; accessed via "Learn More" button at *www.novasignal.com* on February 9, 2022.)

35. NovaSignal uses NOVAVIEW with aspects of what it markets and sells as "The NovaGuide™ Intelligent Ultrasound," as shown in this image from a user manual currently available on NovaSignal's website at *www.novasignal.com/support/documentation*:

## NovaView (Cloud Application)

NovaView is a cloud application that provides secure, remote access to dynamic exam data from NovaGuide. Users can securely transport data from NovaGuide to NovaView during exam export. NovaView has multiple layers of security to ensure exam data is transferred, stored, and viewed securely. Transferred data can be viewed on the interactive web-based application which can be accessed from mobile devices and computers.

(Taken from *https://uploads-ssl.webflow.com/6078963815794d2a47abe54c/60f781a197528360531e1309_60-00153%20Rev%20C%20NovaGuide%20Intelligent%20Ultrasound%20User%20Manual_FinalPDF.pdf*; accessed via "User Manual" button for "NovaGuide 1" at *www.novasignal.com/support/documentation* on February 9, 2022.)

### <u>Likelihood of Confusion as to Source or Affiliation</u>

36.    NovaSignal's determined and systematic use of "NOVA" as a prefix to at least six separate trademarks is likely to cause confusion among the doctors, nurses, medical technicians, and other medical professionals who know and recognize all NOVA-marked medical software products as emanating from Novarad.

37.    The NOVA Family of Marks and the Infringing NOVA-Formative Marks are both used in connection with software that drives medical imaging devices, such as ultrasound devices, and presents the collected data in reports, images, or other interfaces to aid medical professionals in diagnosing and treating illness.

38.    The NOVA Family of Marks and the Infringing NOVA-Formative Marks are both used in hospitals, clinics, imaging centers, and other medical facilities by doctors, nurses, medical technicians, and other medical professionals.

39.    Likelihood of confusion as to source or affiliation is exacerbated by the fact that Novarad's and NovaSignal's branded products and services may be used at the same time, within the same operating or examination room, and/or by the same individual doctor, nurse, or technician.

### <u>NovaSignal's Willful Misconduct</u>

40.    On information and belief, NovaSignal did not begin using the Infringing NOVA-Formative Marks in commerce until 2020, over two decades *after* Novarad's first

1  use in commerce of its NOVARAD mark, and years after Novarad's first use in

2  commerce of its other marks in its NOVA Family of Marks.

3      41.    NovaSignal adopted and began using the Infringing NOVA-Formative

4  Marks with constructive notice of the NOVA Family of Marks under 15 U.S.C. § 1072.

5      42.    On information and belief, NovaSignal adopted and began using the

6  Infringing NOVA-Formative Marks with actual knowledge of Novarad, Novarad's

7  products, the NOVARAD mark, and the NOVA Family of Marks.

8      43.    On information and belief, NovaSignal adopted and began using the

9  Infringing NOVA-Formative Marks with the express intent to leverage Novarad's name,

10  brand, and reputation as part of marketing NovaSignal's business.

11      44.    On information and belief, the consuming public is likely to be and has

12  actually been confused as to whether the goods and services offered by NovaSignal under

13  the Infringing NOVA-Formative Marks are associated with and originate from Novarad.

14      45.    On information and belief, NovaSignal has knowledge of the consuming

15  public's actual confusion about whether NovaSignal's goods and services offered under

16  the Infringing NOVA-Formative Marks are affiliated with Novarad.

17      46.    NovaSignal received written notice of its infringement of the NOVARAD

18  mark and of rights in the NOVA Family of Marks in a letter from Novarad's counsel to

19  NovaSignal's counsel dated February 11, 2021.

20      47.    On February 16, 2021, NovaSignal's counsel confirmed receipt of

21  Novarad's counsel's February 11, 2021 letter, but NovaSignal has continued to promote,

22  market, and sell goods and services under the Infringing NOVA-Formative Marks.

23                    **CLAIMS FOR RELIEF**

24                  **FIRST CLAIM FOR RELIEF**

25  **(Trademark Infringement of the NOVA Family of Marks – 15 U.S.C. § 1114)**

26      48.    By this reference, Novarad realleges and incorporates the foregoing

27  paragraphs as though fully set forth herein.

28

49.     Novarad owns valid and enforceable trademark rights in the NOVA Family of Marks.

50.     NovaSignal's continued use of each of the Infringing NOVA-Formative Marks—NOVASIGNAL, NOVAVIEW, NOVAKIT, NOVAGUIDE, NOVABOT, and NOVACARE—is likely to cause confusion, mistake, or deception among the public as to the identity and origin of NovaSignal's goods and services.

51.     Each of the Infringing NOVA-Formative Marks includes the "NOVA" prefix and is used in a manner that suggests it is a member Novarad's NOVA Family of Marks.

52.     On information and belief, NovaSignal has adopted and is using the Infringing NOVA-Formative Marks in an effort to trade on Novarad's reputation and goodwill established in the NOVA Family of Marks.

53.     NovaSignal has had actual knowledge of Novarad's rights in the NOVA Family of Marks, and willfully and deliberately infringed, and continues to infringe, such rights through its use of the Infringing NOVA-Formative Marks.

54.     Novarad has no adequate remedy at law because the NOVA Family of Marks is unique and represents to the public Novarad's reputation and goodwill such that damages alone cannot fully compensate Novarad for NovaSignal's misconduct.

55.     Unless enjoined by this Court, NovaSignal will continue its infringing actions resulting in confusion to the consuming public and damage to Novarad and its extensive business and goodwill symbolized by the NOVA Family of Marks.

56.     Pursuant to 15 U.S.C. § 1116, Novarad is entitled to an order of this Court enjoining NovaSignal, its officers, agents, and employees from using the Infringing NOVA-Formative Marks or other designations confusingly similar to the NOVA Family of Marks.

57.     NovaSignal's actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

58.    By reason of the foregoing, in addition to injunctive relief, Novarad is entitled to an award of treble damages, NovaSignal's profits, and Novarad's costs and attorneys' fees, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement of NOVARAD by NOVASIGNAL – 15 U.S.C. § 1114)

59.    By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

60.    The NOVASIGNAL mark is confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks. NovaSignal's continued use of the NOVASIGNAL mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of NovaSignal's goods and services.

61.    On information and belief, NovaSignal has adopted and is using the NOVASIGNAL mark in an effort to trade on Novarad's reputation and goodwill established in the NOVARAD mark and/or other members of the NOVA Family of Marks.

62.    NovaSignal has had actual knowledge of Novarad's rights in the NOVARAD mark and in the other members of the NOVA Family of Marks, and willfully and deliberately infringed, and continues to infringe, such rights through its use of the NOVASIGNAL mark.

63.    Novarad has no adequate remedy at law because each of the NOVARAD mark and the other members of the NOVA Family of Marks is unique and represents to the public Novarad's reputation and goodwill such that damages alone cannot fully compensate Novarad for NovaSignal's misconduct.

64.    Unless enjoined by this Court, NovaSignal will continue its infringing actions resulting in confusion to the consuming public and damage to Novarad and its extensive business and goodwill symbolized by the NOVARAD mark and the other members of the NOVA Family of Marks.

65.    Pursuant to 15 U.S.C. § 1116, Novarad is entitled to an order of this Court enjoining NovaSignal, its officers, agents, and employees from using the NOVASIGNAL mark or other designations confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks.

66.    NovaSignal's actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

67.    By reason of the foregoing, Novarad is entitled to, among other relief, injunctive relief and an award of its damages, NovaSignal's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

### (Trademark Infringement of NOVARAD by NOVAVIEW – 15 U.S.C. § 1114)

68.    By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

69.    The NOVAVIEW mark is confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks. NovaSignal's continued use of the NOVAVIEW mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of NovaSignal's goods and services.

70.    On information and belief, NovaSignal has adopted and is using the NOVAVIEW mark in an effort to trade on Novarad's reputation and goodwill established in the NOVARAD mark and/or other members of the NOVA Family of Marks.

71.    NovaSignal has had actual knowledge of Novarad's rights in the NOVARAD mark and in the other members of the NOVA Family of Marks, and willfully and deliberately infringed, and continues to infringe, such rights through its use of the NOVAVIEW mark.

72.    Novarad has no adequate remedy at law because each of the NOVARAD mark and the other members of the NOVA Family of Marks is unique and represents to

the public Novarad's reputation and goodwill such that damages alone cannot fully compensate Novarad for NovaSignal's misconduct.

73.    Unless enjoined by this Court, NovaSignal will continue its infringing actions resulting in confusion to the consuming public and damage to Novarad and its extensive business and goodwill symbolized by the NOVARAD mark and the other members of the NOVA Family of Marks.

74.    Pursuant to 15 U.S.C. § 1116, Novarad is entitled to an order of this Court enjoining NovaSignal, its officers, agents, and employees from using the NOVAVIEW mark or other designations confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks.

75.    NovaSignal's actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

76.    By reason of the foregoing, Novarad is entitled to, among other relief, injunctive relief and an award of its damages, NovaSignal's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**

**(Trademark Infringement of NOVARAD by NOVAKIT – 15 U.S.C. § 1114)**

77.    By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

78.    The NOVAKIT mark is confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks. NovaSignal's continued use of the NOVAKIT mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of NovaSignal's goods and services.

79.    On information and belief, NovaSignal has adopted and is using the NOVAKIT mark in an effort to trade on Novarad's reputation and goodwill established in the NOVARAD mark and/or other members of the NOVA Family of Marks.

80.     NovaSignal has had actual knowledge of Novarad's rights in the NOVARAD mark and in the other members of the NOVA Family of Marks, and willfully and deliberately infringed, and continues to infringe, such rights through its use of the NOVAKIT mark.

81.     Novarad has no adequate remedy at law because each of the NOVARAD mark and the other members of the NOVA Family of Marks is unique and represents to the public Novarad's reputation and goodwill such that damages alone cannot fully compensate Novarad for NovaSignal's misconduct.

82.     Unless enjoined by this Court, NovaSignal will continue its infringing actions resulting in confusion to the consuming public and damage to Novarad and its extensive business and goodwill symbolized by the NOVARAD mark and the other members of the NOVA Family of Marks.

83.     Pursuant to 15 U.S.C. § 1116, Novarad is entitled to an order of this Court enjoining NovaSignal, its officers, agents, and employees from using the NOVAKIT mark or other designations confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks.

84.     NovaSignal's actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

85.     By reason of the foregoing, Novarad is entitled to, among other relief, injunctive relief and an award of its damages, NovaSignal's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement of NOVARAD by NOVAGUIDE – 15 U.S.C. § 1114)

86.     By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.     The NOVAGUIDE mark is confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks. NovaSignal's continued use of

the NOVAGUIDE mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of NovaSignal's goods and services.

88.     On information and belief, NovaSignal has adopted and is using the NOVAGUIDE mark in an effort to trade on Novarad's reputation and goodwill established in the NOVARAD mark and/or other members of the NOVA Family of Marks.

89.     NovaSignal has had actual knowledge of Novarad's rights in the NOVARAD mark and in the other members of the NOVA Family of Marks, and willfully and deliberately infringed, and continues to infringe, such rights through its use of the NOVAGUIDE mark.

90.     Novarad has no adequate remedy at law because each of the NOVARAD mark and the other members of the NOVA Family of Marks is unique and represents to the public Novarad's reputation and goodwill such that damages alone cannot fully compensate Novarad for NovaSignal's misconduct.

91.     Unless enjoined by this Court, NovaSignal will continue its infringing actions resulting in confusion to the consuming public and damage to Novarad and its extensive business and goodwill symbolized by the NOVARAD mark and the other members of the NOVA Family of Marks.

92.     Pursuant to 15 U.S.C. § 1116, Novarad is entitled to an order of this Court enjoining NovaSignal, its officers, agents, and employees from using the NOVAGUIDE mark or other designations confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks.

93.     NovaSignal's actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

94.     By reason of the foregoing, Novarad is entitled to, among other relief, injunctive relief and an award of its damages, NovaSignal's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF

### (Trademark Infringement of NOVARAD by NOVABOT – 15 U.S.C. § 1114)

95.    By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.    The NOVABOT mark is confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks. NovaSignal's continued use of the NOVABOT mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of NovaSignal's goods and services.

97.    On information and belief, NovaSignal has adopted and is using the NOVABOT mark in an effort to trade on Novarad's reputation and goodwill established in the NOVARAD mark and/or other members of the NOVA Family of Marks.

98.    NovaSignal has had actual knowledge of Novarad's rights in the NOVARAD mark and in the other members of the NOVA Family of Marks, and willfully and deliberately infringed, and continues to infringe, such rights through its use of the NOVABOT mark.

99.    Novarad has no adequate remedy at law because each of the NOVARAD mark and the other members of the NOVA Family of Marks is unique and represents to the public Novarad's reputation and goodwill such that damages alone cannot fully compensate Novarad for NovaSignal's misconduct.

100.    Unless enjoined by this Court, NovaSignal will continue its infringing actions resulting in confusion to the consuming public and damage to Novarad and its extensive business and goodwill symbolized by the NOVARAD mark and the other members of the NOVA Family of Marks.

101.    Pursuant to 15 U.S.C. § 1116, Novarad is entitled to an order of this Court enjoining NovaSignal, its officers, agents, and employees from using the NOVABOT mark or other designations confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks.

102. NovaSignal's actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

103. By reason of the foregoing, Novarad is entitled to, among other relief, injunctive relief and an award of its damages, NovaSignal's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SEVENTH CLAIM FOR RELIEF**

**(Trademark Infringement of NOVARAD by NOVACARE – 15 U.S.C. § 1114)**

104. By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

105. The NOVACARE mark is confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks. NovaSignal's continued use of the NOVACARE mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of NovaSignal's goods and services.

106. On information and belief, NovaSignal has adopted and is using the NOVACARE mark in an effort to trade on Novarad's reputation and goodwill established in the NOVARAD mark and/or other members of the NOVA Family of Marks.

107. NovaSignal has had actual knowledge of Novarad's rights in the NOVARAD mark and in the other members of the NOVA Family of Marks, and willfully and deliberately infringed, and continues to infringe, such rights through its use of the NOVACARE mark.

108. Novarad has no adequate remedy at law because each of the NOVARAD mark and the other members of the NOVA Family of Marks is unique and represents to the public Novarad's reputation and goodwill such that damages alone cannot fully compensate Novarad for NovaSignal's misconduct.

109. Unless enjoined by this Court, NovaSignal will continue its infringing actions resulting in confusion to the consuming public and damage to Novarad and its

extensive business and goodwill symbolized by the NOVARAD mark and the other members of the NOVA Family of Marks.

110.    Pursuant to 15 U.S.C. § 1116, Novarad is entitled to an order of this Court enjoining NovaSignal, its officers, agents, and employees from using the NOVACARE mark or other designations confusingly similar to the NOVARAD mark and/or to other members of the NOVA Family of Marks.

111.    NovaSignal's actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

112.    By reason of the foregoing, Novarad is entitled to, among other relief, injunctive relief and an award of its damages, NovaSignal's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### EIGHTH CLAIM FOR RELIEF

### (Trademark Infringement – Common Law)

113.    By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

114.    Novarad has been using the NOVARAD mark and the other members of the NOVA Family of Marks throughout the United States, including within the State of California, to identify and signify itself as the source of its goods and services, since at least as early as 1998 for the NOVARAD mark and at least as early as 2012 for the other members of the NOVA Family of Marks.

115.    Through extensive and continuous use of the NOVARAD mark and the other members of the NOVA Family of Marks, Novarad has developed substantial goodwill in the NOVARAD mark and the other members of the NOVA Family of Marks, which have become well known throughout the United States, including within the State of California.

116.    NovaSignal's use of the Infringing NOVA-Formative Marks constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers

as to the source or origin of NovaSignal's goods and services such that consumers may believe that NovaSignal's goods and services are sponsored by, endorsed by, approved by, licensed by, authorized by, affiliated with, or connected with Novarad.

117.   On information and belief, NovaSignal has adopted and is using the Infringing NOVA-Formative Marks in an effort to trade on Novarad's reputation and goodwill established in the NOVARAD mark and the other members of the NOVA Family of Marks.

118.   NovaSignal's acts are causing and continue to cause Novarad irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill.

119.   NovaSignal's conduct as alleged herein is causing immediate and irreparable harm and injury to Novarad, and to its goodwill and reputation, and will continue to both damage Novarad and confuse the public unless enjoined by this Court. Novarad has no adequate remedy at law.

120.   By reason of the foregoing, in addition to injunctive relief, Novarad is entitled to an award of treble damages, NovaSignal's profits, and Novarad's costs and attorneys' fees, together with prejudgment and post-judgment interest.

## NINTH CLAIM FOR RELIEF

### (Unfair Competition – 15 U.S.C. § 1125(a))

121.   By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

122.   NovaSignal's unauthorized use of the Infringing NOVA-Formative Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of NovaSignal's goods and services, and is likely to cause consumers to believe, contrary to fact, that NovaSignal's goods and services are sold, authorized, endorsed, or sponsored by Novarad, or that NovaSignal is in some way affiliated with or sponsored by Novarad.

123.   NovaSignal's unauthorized use of the Infringing NOVA-Formative Marks constitutes use of a false designation of origin and misleading description and representation of fact.

124.   Upon information and belief, NovaSignal's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of NovaSignal with Novarad.

125.   NovaSignal's conduct as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

126.   NovaSignal's conduct as alleged herein is causing immediate and irreparable harm and injury to Novarad, and to its goodwill and reputation, and will continue to both damage Novarad and confuse the public unless enjoined by this Court. Novarad has no adequate remedy at law.

127.   Novarad has been and will continue to be damaged by NovaSignal's unfair competition unless enjoined by this Court.

128.   By reason of the foregoing, in addition to injunctive relief, Novarad is entitled to an award of its damages, NovaSignal's profits, and Novarad's costs and attorneys' fees, together with prejudgment and post-judgment interest.

## TENTH CLAIM FOR RELIEF

### (Unfair Competition under California Law – Cal. Bus. & Prof. Code § 17200)

129.   By this reference, Novarad realleges and incorporates the foregoing paragraphs as though fully set forth herein.

130.   Through extensive and continuous use of the members of the NOVA Family of Marks for between 9 and 23 years, Novarad has developed substantial goodwill in the NOVA Family of Marks and in its individual member marks.

131.   NovaSignal's unauthorized use of the Infringing NOVA-Formative Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of NovaSignal's goods and services, and is likely to cause consumers to believe, contrary to

fact, that NovaSignal's goods and services are sold, authorized, endorsed, or sponsored by Novarad, or that NovaSignal is in some way affiliated with or sponsored by Novarad.

132.   As a direct result of NovaSignal's conduct, Novarad will be damaged and has suffered damages.

133.   NovaSignal's conduct as alleged herein constitutes an unlawful business act or practice within the meaning of California Business and Professions Code section 17200.

134.   NovaSignal's conduct as alleged herein is causing immediate and irreparable harm and injury to Novarad, and to its goodwill and reputation, and will continue to both damage Novarad and confuse the public unless enjoined by this Court. Novarad has no adequate remedy at law.

135.   By reason of the foregoing, Novarad is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Novarad prays for judgment against NovaSignal as follows:

A.   Permanently enjoining and restraining NovaSignal, its officers, directors, shareholders, agents, employees, and all persons or entities in active concert or participation with them, pursuant to 15 U.S.C. § 1116, from the following (the "Trademark Injunction"):

      i.   Using in any manner any of the Infringing NOVA-Formative Marks, any of the NOVA Family of Marks, or any other designation that is confusingly similar to or a colorable imitation of any of the members of the NOVA Family of Marks;

      ii.   Using in any manner any trademark, service mark, words, abbreviations, designs, arrangements, or other combinations thereof that would imitate, resemble, or suggest any of the members of the NOVA Family of Marks;

      iii.   Any false or misleading description of fact, or false or misleading representation of fact, or other fact of unfair competition, which is

likely to cause confusion, or to cause mistake, or to deceive as to the existence or nature of an affiliation, connection or association between NovaSignal and Novarad as to the origin, sponsorship, endorsement, authorization or approval by Novarad of NovaSignal's goods and services or commercial activities; and

      iv.    Otherwise infringing Novarad's rights in the NOVA Family of Marks or in any of the members of the NOVA Family of Marks.

B.    Ordering NovaSignal, pursuant to 15 U.S.C. § 1116, to file with the Court and serve on Novarad within thirty (30) days after entry of the Trademark Injunction, a report in writing under oath setting forth in detail the manner and form in which NovaSignal has complied with the Trademark Injunction;

C.    Ordering NovaSignal, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles and advertisements, in the possession, custody or under the control of NovaSignal, bearing any of the Infringing NOVA-Formative Marks, any of the NOVA Family of Marks, or any other designation that is confusingly similar to or a colorable imitation of any of the members of the NOVA Family of Marks;

D.    Awarding to Novarad damages in an amount to be determined, together with any and all other remedies to which Novarad may be entitled under the Lanham Act, California Business and Professions Code, or common law;

E.    Declaring this to be an exceptional case and awarding to Novarad treble damages and its reasonable attorneys' fees incurred and to be incurred by Novarad in connection with this action;

F.    Permanently restraining and enjoining, under 15 U.S.C. § 1116, NovaSignal, its agents, servants, employees, officers, and those persons acting in concert or participating with NovaSignal, from any unfair competition with respect to its use of the Infringing NOVA-Formative Marks;

24

G.      Awarding to Novarad its costs, profits, and damages, which damages and profits are then trebled, under 15 U.S.C. § 1117, for NovaSignal's unfair competition with respect to its use of the Infringing NOVA-Formative Marks or, in the alternative, statutory damages;

H.      An award of any other and further relief as the Court deems just and equitable.

## JURY DEMAND

Novarad demands TRIAL BY JURY of all causes and issues so triable.


DATED:  February 16, 2022        R. Parrish Freeman
                                 C.J. Veverka
                                 Quincy Chuck
                                 Saloni Mathur
                                 MASCHOFF BRENNAN
                                      GILMORE & ISRAELSEN, PLLC

                                 By: /s/ Quincy Chuck

                                 Attorneys for Plaintiff
                                 NOVARAD CORPORATION

# EXHIBIT 1

Int. Cls.: 9 and 42

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,390,640

Registered Mar. 4, 2008

TRADEMARK
SERVICE MARK
PRINCIPAL REGISTER

# NOVARAD

NOVARAD CORPORATION (UTAH CORPORA-
TION)
SUITE 200
758 EAST UTAH VALLEY DRIVE
AMERICAN FORK, UT 84003

FOR: COMPUTER PROGRAMS, COMPUTER
SOFTWARE AND ASSOCIATED INSTRUCTION
MANUALS SOLD AS A UNIT FOR ENTERING,
ACQUIRING, CAPTURING, SCANNING, RETRIEV-
ING, STORING, ARCHIVING, FILING, ORGANIZ-
ING, CONTROLLING, MANAGING, ACCESSING,
SEARCHING, VIEWING, ANALYZING, COMPAR-
ING, SCROLLING, ZOOMING, ENLARGING, RO-
TATING, LEVELING, MODIFYING, ANNOTATING
TRACKING, SECURING, REPORTING, DUPLICAT-
ING, PRINTING, FILE SHARING, TRANSMITTING
AND TRANSFERRING RADIOLOGICAL, DIGITAL
AND MEDICAL IMAGES AND MEDICAL AND
PATIENT DATA IN THE FIELDS OF MEDICAL
IMAGING, RADIOLOGICAL IMAGING, DIGITAL
IMAGING, MEDICAL IMAGING SYSTEMS, RADI-
OLOGICAL IMAGING SYSTEMS, DIGITAL IMA-
GING SYSTEMS, PICTURE ARCHIVING
COMMUNICATION SYSTEMS, NUCLEAR MEDI-
CINE, MAGNETIC RESONANCE IMAGING, UL-
TRA SOUND, AND COMPUTED RADIOLOGY
MODALITIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 8-31-1998; IN COMMERCE 8-31-1998.

FOR: COMPUTER PROGRAMMING SERVICES,
COMPUTER SOFTWARE PROGRAMMING SERVI-
CES, COMPUTER SOFTWARE INSTALLATION
SERVICES, TECHNICAL SUPPORT SERVICES,
NAMELY, TROUBLESHOOTING OF COMPUTER
HARDWARE AND SOFTWARE PROBLEMS, COM-
PUTER SOFTWARE MAINTENANCE SERVICES,

AND COMPUTER AND COMPUTER SOFTWARE
CONSULTING SERVICES, ALL IN THE FIELDS OF
MEDICAL IMAGING, RADIOLOGICAL IMAGING,
DIGITAL IMAGING, MEDICAL IMAGING SYS-
TEMS, RADIOLOGICAL IMAGING SYSTEMS, DI-
GITAL IMAGING SYSTEMS, PICTURE
ARCHIVING COMMUNICATION SYSTEMS, COM-
PUTER SYSTEMS, COMPUTER HARDWARE, COM-
PUTER WORKSTATIONS, COMPUTER SERVERS,
MEDICAL IMAGING SYSTEM HARDWARE, RADI-
OLOGICAL IMAGING SYSTEM HARDWARE, DI-
GITAL IMAGING SYSTEM HARDWARE, PICTURE
ARCHIVED AND COMMUNICATIONS SYSTEMS,
NUCLEAR MEDICINE, MAGNETIC RESONANCE
IMAGING, ULTRA SOUND, COMPUTED RADIOL-
OGY MODALITIES, ENTERING MEDICAL AND
PATIENT DATA, STORING MEDICAL AND PA-
TIENT DATA, ARCHIVING MEDICAL AND PA-
TIENT DATA, REPORTING AND MEDICAL AND
PATIENT DATA, TRANSMITTING MEDICAL AND
PATIENT DATA, AND ACQUIRING, CAPTURING,
RETRIEVING, ORGANIZING, TRACKING, ANA-
LYZING, VIEWING, ENLARGING, ROTATING,
MODIFYING, ANNOTATING, STORING, SECUR-
ING, DUPLICATING, PRINTING AND TRANSMIT-
TING RADIOLOGICAL IMAGES , IN CLASS 42 (U.S.
CLS. 100 AND 101).

FIRST USE 8-31-1998; IN COMMERCE 8-31-1998.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-004,155, FILED 9-21-2006.

DAWN HAN, EXAMINING ATTORNEY

# EXHIBIT 2

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,390,641

Registered Mar. 4, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# NOVAPACS

NOVARAD CORPORATION (UTAH CORPORA-
TION)
SUITE 200
758 EAST UTAH VALLEY DRIVE
AMERICAN FORK, UT 84003

FOR: COMPUTER PROGRAMS, COMPUTER
SOFTWARE AND ASSOCIATED INSTRUCTION
MANUALS SOLD AS A UNIT FOR ENTERING,
ACQUIRING, CAPTURING, SCANNING, RETRIEV-
ING, STORING, ARCHIVING, FILING, ORGANIZ-
ING, CONTROLLING, MANAGING, ACCESSING,
SEARCHING, VIEWING, ANALYZING, COMPAR-
ING, SCROLLING, ZOOMING, ENLARGING, RO-
TATING, LEVELING, MODIFYING, ANNOTATING
TRACKING, SECURING, REPORTING, DUPLICAT-
ING, PRINTING, FILE SHARING, TRANSMITTING
AND TRANSFERRING RADIOLOGICAL, DIGITAL
AND MEDICAL IMAGES AND MEDICAL AND
PATIENT DATA IN THE FIELDS OF MEDICAL

IMAGING, RADIOLOGICAL IMAGING, DIGITAL
IMAGING, MEDICAL IMAGING SYSTEMS, RADI-
OLOGICAL IMAGING SYSTEMS, DIGITAL IMA-
GING SYSTEMS, PICTURE ARCHIVING
COMMUNICATION SYSTEMS, NUCLEAR MEDI-
CINE, MAGNETIC RESONANCE IMAGING, UL-
TRA SOUND, AND COMPUTED RADIOLOGY
MODALITIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 3-31-2002; IN COMMERCE 3-31-2002.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-004,504, FILED 9-21-2006.

DAWN HAN, EXAMINING ATTORNEY

# EXHIBIT 3

# United States of America

## United States Patent and Trademark Office

# Nova RIS

**Reg. No. 5,398,865**

**Registered Feb. 13, 2018**

**Corrected Oct. 23, 2018**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Novarad Corporation  (UTAH CORPORATION)
752 East 1180 South, Suite 200
American Fork, UTAH 84003

CLASS 42: Providing online non-downloadable internet based software applications for scanning, capturing, registering, analyzing, financially analyzing, comparing, scrolling, enlarging, rotating, managing, tracking, modifying, annotating, deleting, reporting, storing, archiving and distributing medical, radiological and digital images, films and videos, for use in the fields of medical imaging, radiological imaging, digital imaging, medical imaging systems, radiological imaging systems, medical image management, x-ray imaging, magnetic resonance imaging, and ultra sound

FIRST USE 9-8-2003; IN COMMERCE 9-8-2003

The mark consists of The word "Nova" in lower case with the "N" capitalized and the word "RIS" in all capitals.

No claim is made to the exclusive right to use the following apart from the mark as shown: TO USE THE TERM "RIS"

SER. NO. 85-863,458, FILED 02-28-2013



Director of the United States
Patent and Trademark Office

# EXHIBIT 4

# United States of America

## United States Patent and Trademark Office

# NOVASCAN

**Reg. No. 5,018,166**

**Registered Aug. 09, 2016**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

NovaRad Corporation (UTAH CORPORATION)
752 East 1180 South, Suite 200
American Fork, UT 84003

CLASS 9: Computer programs, computer software, and associated instruction manuals sold and distributed therewith as a unit, for scanning, entering, acquiring, receiving, capturing, retrieving, converting, digitizing, controlling, managing, processing, storing, distributing, transmitting and transferring medical, radiological and digital images, films and videos and medical, radiological, digital and patient documents, data and information for use in the fields of medical imaging, radiological imaging, digital imaging, medical imaging systems, radiological imaging systems, digital imaging systems, picture archiving and communication systems, patient information systems, digital communications, image management, data management, document management, information management, x-ray imaging, magnetic resonance imaging, ultra sound, computed radiology modalities, and management and tracking of patient images, films, videos, documents and data

FIRST USE 12-31-2003; IN COMMERCE 12-31-2003

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3390640, 3390641

SER. NO. 85-577,450, FILED 03-22-2012

AHSEN M KHAN, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

# EXHIBIT 5

# United States of America

## United States Patent and Trademark Office

# NOVAORTHO

**Reg. No. 5,108,676**

**Registered Dec. 27, 2016**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

NovaRad Corporation (UTAH CORPORATION)
Suite 200
752 East 1180 South
American Fork, UT 84003

CLASS 42: Software as a service (SAAS) services, application service provider (ASP) services, cloudhosting provider services, software hosting services, and providing online internet based software applications, all featuring software for use in picture-archiving and communication systems and patient information systems, and for managing, controlling, acquiring, receiving, retrieving, accessing, viewing, reading, analyzing, comparing, tracking, organizing, searching, processing, modifying, securing, reporting, presenting, displaying, storing, archiving, distributing and transferring medical, radiological and digital images, films and videos, and medical, radiological, digital and patient data, documents and information, all in the fields of medical imaging, radiological imaging, digital imaging, medical imaging systems, radiological imaging systems, digital imaging systems, picture archiving and communication systems, patient information systems, digital communications. image management, data management, document management, information management, x-ray imaging, magnetic resonance imaging, ultra sound, computed radiology modalities, efficiency management and tracking, workflow management and tracking, report management and tracking, and dictation and auto transcription; and providing consulting services and technical support services relating to the utilization of software in picture-archiving and communication systems and patient information systems, and in managing, controlling, acquiring, receiving, retrieving, accessing, viewing, reading, analyzing, comparing, tracking, organizing, searching, processing, modifying, securing, reporting, presenting, displaying, storing, archiving, distributing and transferring medical, radiological and digital images, films and videos, and medical, radiological, digital and patient data, documents and information, all in the fields of medical imaging, radiological imaging, digital imaging, medical imaging systems, radiological imaging systems, digital imaging systems, picture archiving and communication systems, patient information systems, digital communications, image management, data management, document management, information management, x-ray imaging, magnetic resonance imaging, ultra sound, computed radiology modalities, efficiency management and tracking, workflow management and tracking, report management and tracking, and dictation and auto transcription

FIRST USE 3-31-2010; IN COMMERCE 3-31-2010

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-031,050, FILED 05-10-2016
GINA CLARK HAYES, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT 6



# United States of America
## United States Patent and Trademark Office

# NOVAMG

**Reg. No. 4,859,955**

**Registered Nov. 24, 2015**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

NOVARAD CORPORATION (UTAH CORPORATION)
752 EAST 1180 SOUTH, SUITE 200
AMERICAN FORK, UT 84003

FOR: COMPUTER PROGRAMS, COMPUTER SOFTWARE, AND ASSOCIATED INSTRUC-TION MANUALS SOLD AND DISTRIBUTED THEREWITH AS A UNIT, FOR ACQUIRING, RECEIVING, RETRIEVING, ACCESSING, VIEWING, READING, ANALYZING, COMPARING, SCROLLING, ZOOMING, ENLARGING, ROTATING, CONTROLLING, MANAGING, TRACKING, FILING, ORGANIZING, SEARCHING, PROCESSING, MODIFYING, CONVERT-ING, ANNOTATING, DELETING, SECURING, REPORTING, PRESENTING, DISPLAYING, STORING, ARCHIVING, DISTRIBUTING, TRANSMITTING AND TRANSFERRING MEDICAL, RADIOLOGICAL AND DIGITAL IMAGES, FILMS AND VIDEOS, AND MEDICAL, RADI-OLOGICAL, DIGITAL, PATIENT AND DEPARTMENT DATA, DOCUMENTS AND INFORM-ATION, FOR USE IN THE FIELDS OF MEDICAL IMAGING, RADIOLOGICAL IMAGING, DIGITAL IMAGING, MEDICAL IMAGING SYSTEMS, RADIOLOGICAL IMAGING SYSTEMS, DIGITAL IMAGING SYSTEMS, PICTURE ARCHIVING AND COMMUNICATION SYSTEMS, RADIOLOGY INFORMATION SYSTEMS, PATIENT INFORMATION SYSTEMS, DIGITAL COMMUNICATIONS, IMAGE MANAGEMENT, DATA MANAGEMENT, DOCUMENT MANAGEMENT, INFORMATION MANAGEMENT, X-RAY IMAGING, MAGNETIC RESON-ANCE IMAGING, ULTRA SOUND COMPUTED RADIOLOGY MODALITIES, AND REPORT MANAGEMENT AND TRACKING, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-19-2010; IN COMMERCE 4-19-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-468,159, FILED 11-9-2011.

KATHLEEN M. VANSTON, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT 7



# United States of America

## United States Patent and Trademark Office

# NOVADASH

**Reg. No. 4,330,572**

**Registered May 7, 2013**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

NOVARAD CORPORATION (UTAH CORPORATION)
752 EAST 1180 SOUTH, SUITE 200
AMERICAN FORK, UT 84003

FOR: COMPUTER PROGRAMS, COMPUTER SOFTWARE, AND ASSOCIATED INSTRUC-
TION MANUALS SOLD AND DISTRIBUTED AS A UNIT, FOR PROVIDING RADIOLOGY
INFORMATION SYSTEMS AND RADIOLOGY MANAGEMENT SYSTEMS, AND FOR
MANAGING, COLLECTING DATA AND INFORMATION, VIEWING DATA AND INFORM-
ATION, ANALYZING, REVIEWING, MONITORING, TRACKING, COMPARING, MEASURING
PERFORMANCE, IDENTIFYING TRENDS, CONFIRMING COMPLIANCE, IMPROVING,
ASSESSING FINANCIAL PERFORMANCE, ASSESSING PROFITABILITY, INCREASING
PROFITABILITY, ASSESSING QUALITY AND EFFICIENCY, MAKING PROJECTIONS,
MAKING CORRECTIONS, STORING DATA, REPORTING RESULTS, CHARTING, PREPAR-
ING CHARTS AND GRAPHS, PROVIDING DASHBOARD REPORTS, COMMUNICATING
DATA AND INFORMATION, DISTRIBUTING DATA AND INFORMATION, SUMMARIZING
PERFORMANCE, PROVIDING UPDATES, AND PROVIDING REAL TIME INFORMATION
AND DATA, WITH RESPECT TO RADIOLOGY BUSINESSES, RADIOLOGY DEPARTMENTS,
RADIOLOGY SERVICES, RADIOLOGY WORK PRODUCT, MEDICAL IMAGING, RADI-
OLOGICAL IMAGING, DIGITAL IMAGING, RADIOLOGY ACTIVITIES, RADIOLOGY OP-
ERATIONS, RADIOLOGY FINANCIALS, RADIOLOGY STAFF, RADIOLOGISTS, PHYSI-
CIANS, RADIOLOGY FACILITIES, RADIOLOGY ROOMS, RADIOLOGY ROOM UTILIZA-
TION, RADIOLOGY MODALITIES, PEER REVIEW, REFERRING PHYSICIANS, REFERRALS,
PATIENTS, PATIENT SCHEDULING, PATIENT CANCELLATIONS, PATIENT ADMISSIONS,
PATIENT VOLUME, PATIENT STATUS, AND PATIENT DATA AND INFORMATION, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-28-2011; IN COMMERCE 2-28-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,390,640 AND 3,390,641.

SER. NO. 85-577,378, FILED 3-22-2012.

AHSEN KHAN, EXAMINING ATTORNEY



*Acting Director of the United States Patent and Trademark Office*

# EXHIBIT 8

# United States of America

### United States Patent and Trademark Office

# NOVAPRO

**Reg. No. 4,859,956**

**Registered Nov. 24, 2015**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

NOVARAD CORPORATION (UTAH CORPORATION)
752 EAST 1180 SOUTH, SUITE 200
AMERICAN FORK, UT 84003

FOR: COMPUTER PROGRAMS, COMPUTER SOFTWARE, AND ASSOCIATED INSTRUCTION MANUALS DISTRIBUTED THEREWITH AND SOLD AS A UNIT, FOR SCANNING, ENTERING, ACQUIRING, RECEIVING, CAPTURING, RETRIEVING, ACCESSING, REGISTERING, DICTATING, VIEWING, READING, ANALYZING, FINANCIALLY ANALYZING, COMPARING, SCROLLING, ZOOMING, ENLARGING, ROTATING, CONTROLLING, MANAGING, TRACKING, FILING, ORGANIZING, SEARCHING, PROCESSING, MODIFYING, CONVERTING, ANNOTATING, DELETING, SECURING, REPORTING, DUPLICATING, PRINTING, PRESENTING, DISPLAYING, STORING, ARCHIVING, DISTRIBUTING, TRANSMITTING AND TRANSFERRING MEDICAL, RADIOLOGICAL AND DIGITAL IMAGES, FILMS AND VIDEOS, AND MEDICAL, RADIOLOGICAL, DIGITAL, PATIENT AND DEPARTMENT DATA, DOCUMENTS AND INFORMATION, FOR USE IN THE FIELDS OF MEDICAL IMAGING, RADIOLOGICAL IMAGING, DIGITAL IMAGING, MEDICAL IMAGING SYSTEMS, RADIOLOGICAL IMAGING SYSTEMS, DIGITAL IMAGING SYSTEMS, PICTURE ARCHIVING AND COMMUNICATION SYSTEMS, RADIOLOGY INFORMATION SYSTEMS, PATIENT INFORMATION SYSTEMS, DIGITAL COMMUNICATIONS, IMAGE MANAGEMENT, DATA MANAGEMENT, DOCUMENT MANAGEMENT, INFORMATION MANAGEMENT, X-RAY IMAGING, MAGNETIC RESONANCE IMAGING, ULTRA SOUND, COMPUTED RADIOLOGY MODALITIES, PERSONNEL MANAGEMENT AND TRACKING, QUALITY AND EFFICIENCY MANAGEMENT AND TRACKING, PROFITABILITY MANAGEMENT AND TRACKING, AND REPORT MANAGEMENT AND TRACKING, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-30-2011; IN COMMERCE 4-30-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-468,432, FILED 11-9-2011.

KATHLEEN M. VANSTON, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT 9

# United States of America

## United States Patent and Trademark Office

# NOVACARDIO

**Reg. No. 4,358,705**

**Registered June 25, 2013**

**Corrected Nov. 5, 2013**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

NOVARAD CORPORATION (UTAH CORPORATION)
752 EAST 1180 SOUTH, SUITE 200
AMERICAN FORK, UT 84003

FOR: COMPUTER PROGRAMS, COMPUTER SOFTWARE, AND ASSOCIATED INSTRUCTION MANUALS SOLD AND DISTRIBUTED THEREWITH AS A UNIT, FOR ACQUIRING, RECEIVING, RETRIEVING, ACCESSING, VIEWING, READING, ANALYZING, COMPARING, SCROLLING, ZOOMING, ENLARGING, ROTATING, CONTROLLING, MANAGING, TRACKING, FILING, ORGANIZING, SEARCHING, PROCESSING, MODIFYING, CONVERTING, ANNOTATING, DELETING, SECURING, REPORTING, PRESENTING, DISPLAYING, STORING, ARCHIVING, DISTRIBUTING, TRANSMITTING AND TRANSFERRING MEDICAL, RADIOLOGICAL AND DIGITAL IMAGES, FILMS AND VIDEOS, AND MEDICAL, RADIOLOGICAL, DIGITAL, PATIENT AND DEPARTMENT DATA, DOCUMENTS AND INFORMATION, FOR USE IN THE FIELDS OF MEDICAL IMAGING, DIGITAL IMAGING, MEDICAL IMAGING SYSTEMS, DIGITAL IMAGING SYSTEMS, PICTURE ARCHIVING AND COMMUNICATION SYSTEMS, PATIENT INFORMATION SYSTEMS, DIGITAL COMMUNICATIONS, IMAGE MANAGEMENT, DATA MANAGEMENT, DOCUMENT MANAGEMENT, INFORMATION MANAGEMENT, X-RAY IMAGING, MAGNETIC RESONANCE IMAGING, ULTRA SOUND, COMPUTED RADIOLOGY MODALITIES, AND REPORT MANAGEMENT AND TRACKING, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-5-2011; IN COMMERCE 6-5-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-468,246, FILED 11-9-2011.



Deputy Director of the United States Patent and Trademark Office

# EXHIBIT 10

# United States of America

## United States Patent and Trademark Office

# NOVADOSE

**Reg. No. 5,480,745**

**Registered May 29, 2018**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Novarad Corporation (UTAH CORPORATION)
752 E 1180 S Ste 200
American Fork, UTAH 84003

CLASS 9: Radiation dose monitoring software; radiation dose monitoring software for creating a patient radiation dose profile; radiation dose monitoring software for collecting, evaluating, managing and reporting information regarding patient radiation dose levels; radiation dose monitoring software for identifying devices and examination procedures that exceed patient radiation dose specifications

FIRST USE 10-10-2011; IN COMMERCE 10-10-2011

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-659,554, FILED 10-25-2017



Director of the United States
Patent and Trademark Office

# EXHIBIT 11

# United States of America

## United States Patent and Trademark Office

# NOVA3D+

**Reg. No. 5,508,571**

**Registered Jul. 03, 2018**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Novarad Corporation  (UTAH CORPORATION)
752 E 1180 S Ste 200
American Fork, UTAH 84003

CLASS 9: Software for 3D image processing, viewing and analysis

FIRST USE 12-31-2012; IN COMMERCE 12-31-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-715,682, FILED 12-11-2017



Director of the United States
Patent and Trademark Office

# EXHIBIT 12

# United States of America

## United States Patent and Trademark Office

# NOVARAD MOBILERAD

**Reg. No. 4,795,893**

**Registered Aug. 18, 2015**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

NOVARAD CORPORATION (UTAH CORPORATION)
752 EAST 1180 SOUTH
AMERICAN FORK, UT 84003

FOR: COMPUTER SOFTWARE AND HARDWARE SYSTEMS, NAMELY, COMPUTER PROGRAMS, COMPUTER SOFTWARE, ASSOCIATED INSTRUCTION MANUALS SOLD AS A UNIT, COMPUTERS, COMPUTER DISPLAY SCREENS, MEDICAL IMAGE VIEWERS, RADIOLOGICAL IMAGE VIEWERS, DIGITAL IMAGE VIEWERS, FILM IMAGE VIEWERS, VIDEO IMAGE VIEWERS, REPORT IMAGE VIEWERS, INFORMATION VIEWERS, AND VIEWER COMPONENTS AND ACCESSORIES, USED BY RADIOLOGISTS, PHYSICIANS AND MEDICAL PERSONNEL, WITH ALL OF THE FOREGOING USED FOR THE PURPOSE OF ACCESSING, VIEWING, DISPLAYING, ANALYZING, COMPARING, SCROLLING, ENLARGING, REDUCING, MEASURING, SORTING AND SECURING MEDICAL, RADIOLOGICAL AND DIGITAL IMAGES, FILMS, VIDEOS, IMAGE REPORTS AND INFORMATION IN THE MEDICAL AND RADIOLOGICAL FIELDS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-8-2012; IN COMMERCE 8-8-2015.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,390,640.

SN 86-100,254, FILED 10-24-2013.

KAREN K. BUSH, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office