**HOGAN LOVELLS US LLP**
David Skaar (Bar No. 265377)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
david.skaar@hoganlovells.com

**HOGAN LOVELLS US LLP**
Anna Kurian Shaw (*Pro hac vice*)
Lauren B. Cury (*Pro hac vice*)
Brendan C. Quinn (*Pro hac vice*)
Hadley Dreibelbis (*Pro hac vice*)
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637- 5600
Facsimile: (202) 637- 5910
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
brendan.quinn@hoganlovells.com
hadley.dreibelbis@hoganlovells.com

*Attorneys for Defendant and Counterclaimant NovaSignal Corp.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVARAD CORPORATION, A Utah corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>NOVASIGNAL CORP., a Delaware corporation,<br><br>          Defendant. | Case No. 2:22-cv-01077<br><br>**DEFENDANT AND COUNTERCLAIMANT NOVASIGNAL CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| NOVASIGNAL CORP., a Delaware corporation,<br><br>          Counterclaimaint,<br><br>v.<br><br>NOVARAD CORPORATION, A Utah corporation<br><br>          Counterdefendant. | |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

NOVASIGNAL CORPORATION'S ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS

Defendant NovaSignal Corp. ("**NovaSignal**" or "**Defendant**") hereby answers the Complaint for Trademark Infringement and Unfair Competition ("**Complaint**") of Plaintiff Novarad Corporation ("**Novarad**" or "**Plaintiff**").  Except as expressly admitted herein, NovaSignal denies each and every allegation set forth in Plaintiff's Complaint, and the allegations admitted by NovaSignal herein are only admitted to the extent expressly stated herein.

## ANSWER

1.   Paragraph 1 contains Plaintiff's characterization of the action which requires no admission or denial.  NovaSignal denies that it has engaged in trademark infringement or unfair competition, and denies Plaintiff's characterization of its actions, motivations and business practices.  Otherwise denied.

2.   NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 and therefore denies the same.

3.   NovaSignal admits the allegations in Paragraph 3.

4.   NovaSignal admits the allegations in Paragraph 4.

5.   NovaSignal admits that Neural Analytics, Inc. merged into a Delaware Corporation of the same name on March 21, 2017.  Otherwise denied.

6.   NovaSignal admits the allegations in Paragraph 6.

7.   Paragraph 7 contains Plaintiff's characterization of the action which requires no admission or denial.

8.   NovaSignal admits the allegations in Paragraph 8.

9.   NovaSignal admits the allegations in Paragraph 9.

10.   NovaSignal admits that it is subject to personal jurisdiction in this Court because its principal place of business is within this judicial district. Otherwise denied.

11.   NovaSignal admits the allegations in Paragraph 11.

12. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 and therefore denies the same.

13. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore denies the same.

14. Denied.

15. NovaSignal admits that Plaintiff has filed Declarations of Incontestability with respect to the marks identified in Paragraph 15, which declarations have been accepted by the Patent and Trademark Office. Otherwise denied.

16. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore denies the same.

17. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 and therefore denies the same.

18. NovaSignal denies that the consuming public recognizes NOVA as a source indicator for Plaintiff. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and therefore denies the same.

19. Denied.

20. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore denies the same.

21. Denied.

22. Denied.

23. NovaSignal admits the existence of the federal registrations identified in connection with the cited marks. Otherwise denied.

24. NovaSignal denies that Plaintiff's use of each of the cited marks has been exclusive. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 and therefore denies the same.

25. NovaSignal admits that Plaintiff is identified as the owner of the federal registrations cited. Otherwise denied.

26. Novasignal admits that it markets a cutting-edge medical device that uses cranial doppler ultrasound technology to capture blood flow data in real time to identify brain illnesses and diseases. Otherwise denied.

27. NovaSignal admits that in July 2020, it changed its name to NovaSignal from Neural Analytics, Inc. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 and therefore denies the same.

28. NovaSignal admits that Plaintiff owned certain NOVA-formative marks while NovaSignal was operating as Neural Analytics, Inc. NovaSignal denies that all of its technology was developed during its operation as Neural Analytics, Inc., or that such development ceased following NovaSignal's name change. Otherwise denied.

29. NovaSignal admits that it began using certain of the identified trademarks following its name change in July 2020. Otherwise denied.

30. NovaSignal admits that NOVABOT is the new name of its former NEURALBOT product. Otherwise denied.

31. Denied.

32. NovaSignal admits that it has filed applications with the United States Patent and Trademark Office for the identified trademarks, and that Plaintiff has opposed those applications which have been published for opposition. NovaSignal

denies that the table associated with Paragraph 32 is accurate as of the date of this Answer.  NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 and therefore denies the same.

33. Denied.

34. NovaSignal admits the allegations in Paragraph 34.

35. NovaSignal admits the allegations in Paragraph 35.

36. Denied.

37. Denied.

38. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38 and therefore denies the same.

39. Denied.

40. NovaSignal admits that it did not use the identified marks prior to 2020.  NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 and therefore denies the same.

41. NovaSignal admits that 15 U.S.C. §1072 provides that registration of a trademark on the Principal Register serves as constructive notice of the registrant's claim of ownership thereof.  Otherwise denied.

42. NovaSignal admits that it was aware of numerous third parties using NOVA-formative marks in connection with various medical and health and software related goods and services, including, but not limited to Novarad, as of the date of adoption of the NOVASIGNAL, NOVABOT, NOVAKIT, NOVAGUIDE and NOVAVIEW marks.  Otherwise denied.

43. Denied.

44. Denied.

45. Denied.

46. NovaSignal admits that it received cease and desist correspondence from Plaintiff dated February 11, 2001. Otherwise denied.

47. NovaSignal admits that it acknowledged receipt of Plaintiff's cease and desist letter, responding to and denying the allegations therein and detailing the bases for its position. NovaSignal admits that it did not accede to Plaintiff's demands, including for the reasons stated in its response. Otherwise denied.

48. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

69. Denied.
70. Denied.
71. Denied.
72. Denied.
73. Denied.
74. Denied.
75. Denied.
76. Denied.

77. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

78. Denied.
79. Denied.
80. Denied.
81. Denied.
82. Denied.
83. Denied.
84. Denied.
85. Denied.

86. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

87. Denied.
88. Denied.
89. Denied.
90. Denied.
91. Denied.
92. Denied.

93. Denied.

94. Denied.

95. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

114. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 114 and therefore denies the same.

115. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 115 and therefore denies the same.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. NovaSignal incorporates its answer to each and every allegation contained in the preceding paragraphs.

130. NovaSignal lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 130 and therefore denies the same.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

## NovaSignal's Affirmative Defenses

### First Affirmative Defense
### (Trademark Invalidity)

Plaintiff's claims are barred because it lacks exclusive, valid, protectable rights in the trademarks or NOVA-prefix asserted.

### Second Affirmative Defense
### (Fraud)

Plaintiff's claims are barred because it committed fraud on the United States Patent and Trademark Office ("USPTO") as detailed in Count One and paragraphs 6-38 of NovaSignal's Counterclaims, which are expressly incorporated herein by reference.

### Third Affirmative Defense
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense
### (No Likelihood of Confusion)

Plaintiff's claims are barred because there is no likelihood of confusion between Plaintiff's goods and NovaSignal's goods.

### Fifth Affirmative Defense
### (No Damages)

Plaintiff has not suffered injury as a result of any act or omission by NovaSignal.

### Sixth Affirmative Defense
### (Bad Faith)

Plaintiff's claims are barred because of Plaintiff's lack of good faith.

**Seventh Affirmative Defense**
**(Waiver)**

Plaintiff, through its conduct, representations and omissions has waived, relinquished, and/or abandoned any claims for relief.

Wherefore NovaSignal denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief set forth in Paragraphs A through H of the Prayer for Relief.

## COUNTERCLAIMS

NovaSignal Corp. ("**NovaSignal**") incorporates herein by reference the admissions, allegations, denials and Affirmative Defenses contained in its Answer above as if set forth fully herein. For its Counterclaims, NovaSignal alleges upon personal knowledge as to its own actions, and upon information and belief as to the actions of Novarad Corporation ("**Novarad**" or "**Counterclaim Defendant**") and others as follows:

## NATURE OF ACTION

1. This is an action for cancellation of twelve trademark registrations on the Principal Register of the United States Patent and Trademark Office ("**USPTO**"), namely registrations nos. 3,390,640 (NOVARAD); 3,390,641 (NOVAPACS); 5,398,865 (NOVA RIS); 5,018,166 (NOVASCAN); 5,108,676 (NOVAORTHO); 4,859,955 (NOVAMG); 4,330,572 (NOVADASH); 4,859,956 (NOVAPRO); 4,358,705 (NOVACARDIO); 5,480,745 (NOVADOSE); 5,508,571 (NOVA3D+); 4,795,893 (NOVARAD MOBILERAD) (collectively, the "**Novarad Registrations**"). The Novarad Registrations were procured through Counterclaim Defendant's fraud on the USPTO, and are subject to cancellation on that basis.

## PARTIES

2. NovaSignal is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2440 South Sepulveda Blvd. Suite 115, Los Angeles, California 90064.

3. Counterclaim Defendant is a corporation organized and existing under the laws of the State of Utah, with a principal place of business at 3153 North University Avenue Suite 200, Provo, Utah 84604.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over NovaSignal's Counterclaims under 28 U.S.C. §1338(a) and 15 U.S.C. §1119.

5. Venue and personal jurisdiction over Counterclaim Defendant are proper based upon Counterclaim Defendant's commencement of the action in this district.

## FACTUAL BACKGROUND

### Counterclaim Defendant and Its Registrations

6. Counterclaim Defendant is a provider of enterprise imaging and departmental solutions in the fields of radiology, cardiology, mammography, surgery, and orthopedics. Counterclaim Defendant partners with healthcare facilities, like hospitals and clinics, imaging centers and reading groups, to deliver its imaging solutions.

7. Counterclaim Defendant owns the Novarad Registrations in connection with its medical and radiological imaging and monitoring software and software solutions.

8. The earliest of the applications for the Novarad Registrations, namely registration nos. 3,390,640 and 3,390,641 (collectively, the "Earliest Novarad Applications"), were both filed on September 21, 2006.

9. The most recent of the applications for the Novarad Registrations, namely registration no. 5508571, was filed December 11, 2017 (the "Latest Novarad Application").

### NovaSignal and its Products

10. NovaSignal is a medical equipment manufacturer focused on applying robotics and artificial intelligence technology to create products. Novasignal

captures blood flow data in real time providing a clinical team with critical, real-time information about cerebral blood flow to improve patient outcomes.

11. Specifically, NovaSignal offers a transcranial doppler ultrasound system, NovaGuide, which monitors blood flow data in real time. NovaGuide is not an imaging device; it does not produce images. Instead, NovaGuide's output is data, which is visualized in wavelengths similar to an EKG machine or heart rate monitor. These wavelengths demonstrate whether there are bubbles and solids in the bloodstream that might indicate brain illnesses and diseases, such as a clot. The software output does not provide images of the blood vessels or brain or surrounding tissues and organs. An image of the NovaGuide data output is below:



Figure 1: NovaGuide data output.

12. NovaSignal's other software, solutions and applications, including NovaView, NovaBot, NovaKit and NovaCare all surround the NovaGuide transcranial doppler ultrasound system, and are only used in connection with that system.

### Counterclaim Defendant Files The Instant Suit Claiming Likelihood Of Confusion Over Use of NOVA-formative Marks for Medical Software

13. On February 16, 2022, Counterclaim Defendant filed the instant suit claiming that "NovaSignal's… use of 'NOVA' as a prefix… is likely to cause confusion among the doctors, nurses, medical technicians and other medical professionals who know and recognize all NOVA-marked medical software products as emanating from Novarad." Complaint ¶ 36.

14. Counterclaim Defendant avers that relevant consumers understand "NOVA-marked goods and services as emanating from a single and trusted source, namely Novarad." Complaint ¶ 22.

15. Counterclaim Defendant thus takes the position that use of NOVA-formative marks in connection with medical software products from sources other than Counterclaim Defendant is likely to lead to consumer confusion as to the affiliation, sponsorship or connection of such sources.

### At Least 20 Third Party Nova-formative Registrations Exist In Connection with Medical Software Products Specifically

16. There are, however, at least 20 third party federal registrations on the Principal Register of the USPTO for NOVA-formative marks in connection with medical software products. *See* Exhibit A (collectively the "**Third Party NOVA Registrations for Medical Software**").

17. The Third Party NOVA Registrations for Medical Software include registrations which predate all or some of the Novarad Registrations.

18. For example, registration no. 2,978,563 for NOVA *per se* in connection with non-invasive blood flow determination software registered on July 26, 2005, prior to Counterclaim Defendant's filing of even the Earliest Novarad Applications, thus predating all of the Novarad Registrations.

19. Likewise, registration no. 3,098,417 for NOVAVISION in connection with, *inter alia*, development and design of computer processing programs for

others; health care services, registered on May 30, 2006 also predating the filing of each and every Novarad Registration.

20. Additionally, registration no. 4,903,612 for NOVA *per se* in connection with, *inter alia*, non-downloadable software that provides web-based access to patient information intake forms for use by medical practices, registered on February 23, 2016, prior to Counterclaim Defendant's filing of its applications for NOVADOSE, NOVAORTHO, and NOVA3D+.

21. Similarly, registration no. 5,130,434 for NOVADOCK in connection with software for carrying out tests and simulations on molecules for pharmaceutical or medical use or research; computer software for molecular modeling and the simulation of molecular docking in the field of molecular biology and genetics, registered on January 24, 2017, prior to Counterclaim Defendant's filing of its applications for NOVADOSE and NOVA3D+.

22. Registration no. 5,061,655 for LivaNova in connection with, *inter alia*, computer software for medical purposes used to analyze electrocardiographic (ECG) signals recorded with an ambulatory ECG recorder; computer software used to program heart pacemakers and defibrillators; software for extracorporeal circulation operation data management during cardiac surgery operations used on heart-lungs machines in the operating rooms; all the above for medical and surgical use, registered on October 18, 2016, predating Counterclaim Defendant's filing of its applications for NOVADOSE and NOVA3D+.

23. Registration no. 5,258,274 for OLEA NOVA in connection with, *inter alia*, computer imagining software for use in medical purposes; software for assisting in interpreting medical imaging techniques in the field of radiology; registered on August 8, 2017, predating Counterclaim Defendant's filing of its applications for NOVADOSE and NOVA3D+.

24. Registration no. 4,143,368 for WebNova in connection with, *inter alia*, providing on-line, non-downloadable, internet-based software applications for

nutrition calculation for measuring and mixing formulas for infants and toddlers for use by healthcare professionals; providing temporary use of non-downloadable computer software for nutrition calculation for measuring and mixing formulas for infants and toddlers for use by healthcare professionals, registered on May 15, 2012, predating Counterclaim Defendant's filing of its applications for NOVA RIS, NOVAORTHO, NOVARAD MOBILRAD, NOVADOSE and NOVA3D+.

25. And registration no. 4,452,972 for SAGINOVA in connection with, *inter alia*, recorded software and computers for the capture, storage, logging and evaluation of radiation data; apparatus and instruments for treating cancer, namely, computer hardware, software for monitoring and checking treatments; recorded software for the position control, injection and securing of radioactive radiation sources, for medical purposes; recorded software for the capture, storage, logging and evaluation of radiation data, for medical purposes, registered on December 24, 2013, predating Counterclaim Defendant's filing of its applications for NOVAORTHO, NOVADOSE and NOVA3D+. (Registration nos. 2,978,563; 3,098,417; 4,903,612; 5,130,434; 5,061,655; 5,258,274; 4,143,368; and 4,452,972 which are collectively referred to as the "**Third Party Predecessor Marks**").

26. The Third Party Predecessor Marks are confusingly similar to the Novarad Registrations under Counterclaim Defendant's theory of likelihood of confusion, namely that "medical professionals… know and recognize all NOVA-marked medical software products as emanating from Novarad." Complaint ¶ 36.

### Counterclaim Defendant Defrauds the USPTO

27. Counterclaim Defendant filed its applications for the Novarad Registrations listed in paragraphs 18-25 with constructive notice of the Third Party Predecessor Marks noted therein.

28. On information and belief, Counterclaim Defendant filed its applications for the Novarad Registrations with actual and constructive knowledge of one or more of the Third Party Predecessor Marks.

29. In connection with each application for the Novarad Registrations, Counterclaim Defendant filed an attestation to the effect that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

30. Apparently in reliance on Counterclaim Defendant's attestations, the USPTO issued the Novarad Registrations following prosecution of those applications.

## COUNT ONE

**Cancellation of registrations nos. 3,390,640; 3,390,641; 5,398,865; 5,018,166; 5,108,676; 4,859,955; 4,330,572; 4,859,956; 4,358,705; 5,480,745; 5,508,571; 4,795,893 (Fraud)**

31. NovaSignal incorporates by reference each and every allegation contained in the preceding paragraphs.

32. On information and belief, Counterclaim Defendant obtained the Novarad Registrations by knowingly making false, material representations and omissions with the intent to deceive the USPTO in violation of 15 U.S.C. §1064.

33. In connection with each and every application for the Novarad Registrations, Counterclaim Defendant filed an attestation to the effect that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

34. On information and belief, Counterclaim Defendant made these attestations with knowledge of the Third Party Predecessor Marks. Under Counterclaim Defendant's likelihood of confusion theory, the Third Party

Predecessor Marks are likely, when used in connection with the goods/services of their respective registrants, to cause confusion, or to cause mistake or to deceive. Counterclaim Defendant thus made its attestations knowing they were false and with the intent to defraud the USPTO.

35. The USPTO reasonably relied upon Counterclaim Defendant's false attestations in ultimately granting the Novarad Registrations.

36. On information and belief, but for the false attestations, the Novarad Registrations would not have issued.

37. The Novarad Registrations have caused, and are continuing to cause injury and damage to NovaSignal, including due to Counterclaim Defendant's likelihood of confusion allegations which allegations are inconsistent with Counterclaim Defendant's attestations in support of the Novarad Registrations.

38. Because Counterclaim Defendant obtained the Novarad Registrations through fraud on the USPTO in violation of 15 U.S.C. §1064, the Novarad Registrations should be cancelled pursuant to the Court's authority under 15 U.S.C. §§ 1119 and 1121(a).

## PRAYER FOR RELIEF

WHEREFORE, NovaSignal prays for the following relief from this Court:

A. Enter judgment in favor of NovaSignal, and against Counterclaim Defendant, on Count I of NovaSignal's Counterclaims.

B. Order an accounting and Order Counterclaim Defendant to pay over to NovaSignal NovaSignal's costs and disbursements in this action, including reasonable attorneys' fees.

C. Award NovaSignal any other or further relief that the Court deems just or appropriate.

Dated: April 18, 2022

**HOGAN LOVELLS US LLP**

By: */s/ David Skaar*
David Skaar (Bar No. 265377)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
david.skaar@hoganlovells.com

**HOGAN LOVELLS US LLP**
Anna Kurian Shaw (*Pro hac vice*)
Lauren B. Cury (*Pro hac vice*)
Brendan Quinn (*Pro hac vice*)
Hadley Dreibelbis (*Pro hac vice*)
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637- 5600
Facsimile: (202) 637- 5910
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
brendan.quinn@hoganlovells.com
hadley.dreibelbis@hoganlovells.com

*Attorneys for Defendant and Counterclaimant NovaSignal Corp.*